UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROBIN BUKOWSKI,

     *Plaintiff,*

v.                                         **Case No. SA-22-CV-0272-JKP**

LIBERTY INSURANCE CORPORATION
and CARLTON HAMANN,

     *Defendants.*

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions: (1) *Liberty Insurance Corporation's Motion for Partial Dismissal* (ECF No. 2) and *Plaintiff's Motion to Remand* (ECF No. 5). The latter motion is also Plaintiff's response to the motion to dismiss. Defendant Liberty has filed a response to the motion to remand. The parties have filed no other brief related to either motion, and the deadline for doing so has now passed. For the reasons that follow, the Court grants the motion to remand and denies the other motion as moot.

## I. BACKGROUND

This case concerns an insurance claim arising from a hailstorm in April 2019. Liberty initially denied the claim as below deductible. Liberty and Plaintiff thereafter engaged in the appraisal process to resolve their dispute over the amount of the loss. Liberty designated Carlton Hamann as its appraiser. Plaintiff designated Jeremy Settles as her appraiser.

In February 2022, Plaintiff filed suit against Liberty and Appraiser Hamann. She asserts a breach of contract claim against Liberty and alleged noncompliance with the Texas Insurance Code, made actionable through §§ 541.151 and 542.060. She further asserts a fraud claim against both Liberty and Hamann. She seeks money damages as well as setting aside the appraisal award.

Liberty removed this action on the basis of diversity jurisdiction and alleged that, even though the citizenship of the appraiser is undisclosed in the pleadings, Plaintiff improperly joined him because there is no reasonable basis for the court to predict that she might recover against him. Within a week of removal Liberty filed its motion to dismiss certain claims asserted against it. In response, Plaintiff filed an amended complaint (ECF No. 4) as permitted by Fed. R. Civ. P. 15(a)(1). Plaintiff also filed a motion to remand jointly with a response to the motion to dismiss. The motions are ripe for ruling.

## II. JURISDICTION

The parties proceed as though Hamann is a nondiverse party and Plaintiff's amended complaint alleges that he is a Texas citizen. For purposes of their jurisdictional inquiries, courts may consider matters outside the original pleadings. And "as long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). Federal courts always have "jurisdiction to determine [their] own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 622 (2002). "This limited authority permits the court to grant a motion to remand if a nondiverse party is properly joined," while also permitting "the court to deny such a motion if a party is improperly joined and, in so doing, to dismiss the party that has been improperly joined." *Int'l Energy*, 818 F.3d at 209. Regardless, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "In considering whether a nondiverse party was improperly joined under *Smallwood*, the court is *only* considering jurisdiction." *Int'l Energy*, 818 F.3d at 210.

Given the jurisdictional concerns presented by the alleged improper joinder, the Court first addresses the motion to remand, which falls within its limited authority to determine its own jurisdiction over this removed case.

### III. MOTION TO REMAND

Through the motion to remand, Plaintiff argues that this case involves no improper joinder[1] and that the presence of a local defendant precludes diversity jurisdiction and requires remand.

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is no dispute, furthermore, that 28 U.S.C. § 1332(a) provides the federal courts with original jurisdiction over all civil actions between "citizens of different States" when the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest or costs." However, a "civil action otherwise removeable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See id.* § 1441(b)(2).

A party may move to remand a previously removed case. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

Liberty removed this case solely on the basis of diversity jurisdiction. No party raises a

---

[1]Some jurisdictions use the phrase, "fraudulent joinder," but this Court will use "improper joinder" as generally used in the Fifth Circuit. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 n.14 (5th Cir. 2013).

dispute about the jurisdictional amount required for diversity jurisdiction, but they disagree as to whether Plaintiff properly joined Hamann.

There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *accord Int'l Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (stating the two ways as "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse"). This case only concerns the second method.

To successfully show improper joinder under the second method, a defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant," which means that the defendant must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Mumfrey*, 719 F.3d at 401 (citations and emphasis omitted); *accord Int'l Energy*, 818 F.3d at 200 (substituting "non-diverse" for "in-state"); *Smallwood*, 385 F.3d at 573 (adopting "this phrasing of the required proof and reject[ing] all others, whether the others appear to describe the same standard or not"). The Fifth Circuit consistently reiterates that a claim of improper joinder fails when there is "a *reasonable* possibility of recovery, not merely a *theoretical* one." *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)); *accord Smallwood*, 385 F.3d at 573 n.9 (agreeing that a "'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder").

When considering the issue of improper joinder, the Court's task is not to determine

4

whether the plaintiff will recover on any claim asserted against the adjuster or whether the plaintiff is even likely to recover; the Court instead must only consider whether there is a reasonable basis to predict that the plaintiff might be able to recover on any claim asserted against a nondiverse defendant. *See Smallwood*, 385 F.3d at 573; *Mumfrey*, 719 F.3d at 401. At this stage of the litigation, the plaintiff has no need to prove any claim. *See Johnson v. Zurich Am. Ins. Co.*, No. 3:11-CV-0344-P, 2011 WL 3111919, at *4 (N.D. Tex. June 29, 2011).

While the Court's inquiry is on the joinder rather than the merits of any particular claim, *Smallwood*, 385 F.3d at 573, the federal courts apply one of two alternate federal tests – one premised on Fed. R. Civ. P. 12(b)(6) and the other premised on piercing the pleadings by conducting a summary inquiry, *see Int'l Energy*, 818 F.3d at 207. But courts use both inquiries "to resolve the issue of jurisdiction, not merits." *See id.* at 210. Furthermore, "the existence of even a single valid cause of action against in-state defendants . . . requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004); *accord Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018).

Texas law recognizes that appraisal clauses are enforceable. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009). And when "an appraisal is not an honest assessment of necessary repairs," the award may be challenged and set aside through litigation. *See id.* at 895. A court may set aside an appraisal award when it was procured through fraud, accident, or mistake. *Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 258 (5th Cir. 2017); *Barnes v. W. All. Ins. Co.*, 844 S.W.2d 264, 267 (Tex. App. – Fort Worth 1992, writ dism'd by agr.). Furthermore, as recognized in Texas law:

> The traditional elements of fraud are: (1) a material representation; (2) that was false; (3) that the speaker knew the representation to be false or made it with reckless disregard of the truth; (4) the speaker made it with the intention that it be acted upon by the other party; (5) the other party acted in reliance upon it; and (6) the

> other party suffered injury. But not all fraud is comprehended within elements of the traditional test. Fraud is multiform and as such admits of no single, all-encompassing definition. The gist of fraud is successfully using cunning, deception or artifice to cheat another to the other's injury.

*McEwin v. Allstate Texas Lloyds*, 118 S.W.3d 811, 815-16 (Tex. App. – Amarillo 2003, no pet.) (citations omitted).

The party asserting improper joinder carries a heavy burden of persuasion. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). And when determining "the validity of an improper joinder claim," the courts "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact" and "all ambiguities in the controlling state law in the plaintiff's favor." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Only after the Court resolves "disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party," does it "determine whether that party has any possibility of recovery against the party whose joinder is questioned." *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (citation and emphasis deleted). Still, the Court remains mindful that a reasonable possibility of recovery requires more than a "mere hypothetical possibility that such an action could exist." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).[2]

Plaintiff has alleged that Hamann made material misrepresentations to her independent appraiser during the appraisal process. She alleges that the appraisal award is the product of fraud or mistake, and that the appraisal award is subject to being set aside.

Relying on an unpublished opinion from the Northern District of Texas, *Bunting v. State Farm Lloyds*, No. 3:98-CV-2490-D, 1999 WL 134642, at *1 (N.D. Tex. 1999), Liberty argues that there is no viable fraud claim against Hamann. But *Bunting* involved a different factual scenario

---

[2] A "mere hypothetical possibility" equates to the theoretical possibility that *Smallwood* expressly recognized as insufficient to preclude a finding of improper joinder.

and is thus distinguishable. In *Bunting*, the plaintiff merely alleged that he was misled by a state-ment that the appraisal company would assign a different appraiser than ultimately assigned. *See* 1999 WL 134642 at *1. This differs materially from the factual allegations in this case where Plaintiff alleges that Liberty's chosen appraiser made false statements during the course of and impacting the appraisal process. The alleged facts here provide a basis to set aside the appraisal. *Bunting* does not persuade the Court that the plaintiff here has no possibility of recovery against Defendant's chosen appraiser on the alleged facts. *Bunting* does not stand for the proposition that a fraud claim against an appraiser is foreclosed by Texas law. And *Bunting* did not involve setting aside an appraisal.

Once a plaintiff "has properly alleged at least one cause of action under which" a non-diverse defendant may be held liable, the next question is whether the plaintiff has alleged enough facts to support such claim. *Marminco III Family, LP v. Arch Specialty Ins. Co.*, No. EP-17-CV-311-KC, 2017 WL 7797711, at *4 (W.D. Tex. Dec. 19, 2017). The parties invoke the Rule 12(b)(6)-type analysis to determine whether joinder was proper. Such analysis incorporates the federal pleading standard. *Int'l Energy*, 818 F.3d at 200.

Under Fed. R. Civ. P. 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." Plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. The plausibility standard is not akin to a "probability require-
ment," but it asks for more than a sheer possibility that a defendant has acted un-
lawfully. Where a complaint pleads facts that are "merely consistent with" a de-
fendant's liability, it "stops short of the line between possibility and plausibility of
'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). To avoid dismissal under Rule 12(b)(6), plaintiffs must

allege facts that "nudge" an asserted claim "across the line from conceivable to plausible."

*Twombly*, 550 U.S. at 570.

For Plaintiff's fraud claim, Fed. R. Civ. P. "9(b) requires allegations of the particulars of

time, place, and contents of the false representations, as well as the identity of the person making

the misrepresentation and what he obtained thereby." *Benchmark Elec., Inc. v. J.M. Huber Corp.*,

343 F.3d 719, 724 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d

1134, 1139 (5th Cir. 1992)), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003). Stated

succinctly, "Rule 9(b) requires pleading 'the who, what, when, where, and how.'" *Id.* (quoting

*Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). But the facts of the particular

case dictate what constitutes sufficient particularity. *See id.*

Although Plaintiff's original allegations are imprecise as to the time and place of alleged

false statements, Plaintiff precisely alleges the other traditional elements of fraud. As to what

Hamann obtained through the fraud, Plaintiff alleges that he made the false statements to obtain

Settles' signature on the appraisal award to Plaintiff's detriment and to Liberty's benefit. Alleg-

edly, although Settles has since withdrawn his signature based upon the misleading information

provided by Hamann, Hamann has refused to further engage in the appraisal process. Plaintiff

alleges that Hamann was not acting as an impartial appraiser, but instead acted under Liberty's

control and direction. And as to the time of the alleged fraudulent statements, Plaintiff's original

allegations clearly show that Hamann made false statements during the appraisal process. The

"when" component is sufficiently particularized for purposes of resolving the instant motion to

remand. Nevertheless, the "where" component appears completely lacking on the original allegations.

However, in her amended complaint filed as a matter of course in accordance with the Federal Rules of Civil Procedure, Plaintiff alleges that Hamann made oral false representations on or about April 1, 2020, to her appraiser. Not only does this provide more specificity as to "when," it also provides some indication as to "where" – it is clear that the representations were made to Settles and were thus made in his presence. While not extremely precise, the Court finds it sufficient for purposes of resolving the motion to remand.

Allowing for some imprecision regarding elements of the traditional elements of fraud in the current context appear permissible. As Plaintiff points out, and Liberty has not refuted, Texas law is not limited to the traditional test. *See McEwin*, 118 S.W.3d at 815-16. Courts resolve ambiguities of state law in favor of the plaintiff, and in this instance, Liberty has not even shown ambiguity as to alleged non-traditional fraud. As part of its burden to show improper joinder and that federal jurisdiction exists in this case, Liberty cannot merely rely on the traditional test when faced with Plaintiff's express reliance on non-traditional fraud.

Liberty stresses that Settles – not Plaintiff – relied on the alleged misrepresentations by Hamann. And it provides Texas law stating that an appraiser is not an agent of the insured. These matters may be problematic for Plaintiff in a traditional fraud case. But such potential problems are lessened here because Plaintiff has alleged non-traditional fraud that Liberty has not shown to be unavailable.

Liberty also argues that amendments cannot cure improper joinder. The Court agrees that, if a nondiverse defendant is improperly joined at the time of removal, and federal jurisdiction is thus lacking, a subsequent amendment will not cure the jurisdictional defect. But it disagrees that

additional, factual allegations in a post-removal amendment cannot be considered. To the extent Liberty argues the latter, it misconstrues the caselaw.

First, while it is true that, when determining "whether jurisdiction is present for removal," courts "consider the claims in the state court petition as they existed at the time of removal," *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), this does not mean that the plaintiff cannot provide additional factual allegations to support those claims. Plaintiffs may not change claims in order to secure a viable claim against a nondiverse defendant, but they may provide additional facts to support the claims asserted pre-removal.

This is consistent with *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995), a case relied upon by Liberty. In *Cavallini*, the Fifth Circuit considered "whether, in order to defeat removal based on fraudulent joinder, the state court complaint in issue . . . can be expanded by post-removal affidavits or amendment to state a cause of action against the nondiverse defendant." 44 F.3d at 258. Notably, the two claims asserted in the state petition made no mention of the nondiverse defendant and were asserted against the insurance company alone. *See id*. at 260. Although the Circuit recognized that courts may resolve fraudulent joinder claims while considering summary-judgment type evidence, it found no precedent for considering such evidence "to determine whether a claim has been stated against the nondiverse defendant under a legal theory not alleged in the state court complaint." *Id*. at 263.

As to consideration of an amended complaint, the Circuit upheld the lower court's holding that "it would have been futile to grant the motion, because a complaint amended post-removal cannot divest a federal court of jurisdiction." *Id*. at 264. As reflected in the following paragraph, the Circuit's focus was on the claims asserted in the state petition, not the factual allegations:

> The rationale for determining removal jurisdiction on the basis of *claims in the state court complaint* as it exists at the time of removal is obvious. Without such a rule,

disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff *sought to amend the complaint to assert a new cause of action* against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.

*Id.* (emphasis added and footnote omitted).

The focus on claims rather than facts is highlighted by *Cavallini*'s discussion of *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993), a case holding "that information submitted after removal may be considered in examining the jurisdictional facts as of removal." *See* 44 F.3d at 264. Although *ANPAC* has been abrogated on other grounds by *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998), *see Medina v. Allstate Vehicle & Prop. Ins. Co.*, 458 F. Supp. 3d 591, 601 (W.D. Tex. 2020), *ANPAC* remains good law. *ANPAC* recognized that "a plaintiff may not defeat removal by subsequently *changing* his damage request," but a plaintiff may "clarify a petition that previously left the jurisdictional question ambiguous," because "the court is still examining the jurisdictional facts *as of the time* the case is removed." *Cavallini*, 44 F.3d at 265 (quoting *ANPAC*). *Cavallini* distinguished *ANPAC* because the plaintiff was not clarifying an existing claim but was adding a new claim to defeat federal jurisdiction. *Id.*

Allowing a plaintiff to provide clarifying factual allegations does not change the requirement that the Court examine the jurisdictional facts as of the date of removal. It merely permits a state court plaintiff to clarify factual allegations under the federal pleading standards. And allowing clarifying factual allegations is consistent with caselaw requiring leave to amend prior to dismissal of a cause of action that does not satisfy the particularity-pleading requirements of Fed. R. Civ. P. 9(b). *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (recognizing that an

opportunity to amend is appropriate when it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based).

Additionally, while *International Energy* affirmed the lower court's denial of the motion to remand and effectively dismissed the claims against the nondiverse defendant without prejudice because the plaintiff had not stated a claim against the nondiverse defendant that survived the Rule 12(b)(6)-type analysis, *see* 818 F.3d at 209, the plaintiff had not filed an amended complaint, *see id.* at 198-99 (noting that the plaintiff had requested leave to amend without attaching a proposed amendment and otherwise not mentioning any amendment). Nothing in *International Energy* precludes courts from considering clarifying facts presented in a proper amended complaint.

Furthermore, while "[i]t is well-established that '[t]he jurisdictional facts that support removal must be judged at the time of the removal,'" *Brown v. Wright Nat'l Flood Ins. Co.*, No. 20-30525, 2021 WL 2934730, at *4 (5th Cir. July 12, 2021) (per curiam) (quoting *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)), courts may consider clarifying facts relevant to jurisdiction. And they may do so even when such facts are presented subsequent to removal.

This Court's decisions likewise do not support Liberty's position. This Court has agreed that, in determining "whether it has federal jurisdiction over a removed case, the court must 'consider the claims in the state court petition as they existed at the time of removal.'" *VA Elec. Contractors, LLC v. Nat'l Tr. Ins. Co.*, No. SA-20-CV-1059-JKP-ESC, 2021 WL 1857299, at *2 (W.D. Tex. Apr. 19, 2021) (quoting *Manguno*, 276 F.3d at 723, which in turn cited *Cavallini*, 44 F.3d at 264). But that agreement does not mean that courts are precluded from considering subsequent factual allegations that go to whether jurisdiction existed at the time of removal. This Court has consistently followed *Gebbia* and *ANPAC* as allowing consideration of post-removal clarifying

facts. *See Medina*, 458 F. Supp. 3d at 601; *Plummer v. Witty Yeti, LLC*, No. SA-21-CV-0966-JKP, 2021 WL 5771875, at *4 (W.D. Tex. Dec. 6, 2021).

Finally, the Supreme Court has broadly stated: "The second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). *Pullman* addressed "whether the original complaint set forth a separable controversy between the plaintiffs and the Pullman Company, that is, a controversy 'which is wholly between citizens of different States, and which can be fully determined as between them.'" *Id.* at 538. The original complaint "alleged two causes of action, one against all the defendants, the other against Kash alone." *Id.* at 536. It "did not charge any negligence or wrongful conduct in ejecting Kash from the train," instead Kash "was sued for his unlawful assault upon the conductor." *Id.* at 539. The amended complaint added a claim under federal law. *Id.* at 536. Thus, despite the broadly worded statement, *Pullman* dealt with considering an amended complaint that changed the claims asserted. And this is consistent with how the cited Fifth Circuit cases have construed the decision. Liberty provides no basis to read the broad statement in *Pullman* as precluding consideration of a clarifying amendment as to the facts that existed at the time of removal.

Based on the foregoing, the Court finds enough alleged facts to support finding that Plaintiff has stated a fraud claim against Hamann. Accordingly, the Court finds that the petition in this case creates a reasonable possibility that Plaintiff has a potential cause of action against the appraiser. When the plaintiff has properly pled even a single claim that has a reasonable possibility for recovery against the nondiverse defendant, the Court must remand the entire action. With the reasonable possibility for recovery against Hamann, Plaintiff properly joined him, and complete

diversity is absent. The Court therefore grants the motion and remands this case. By remanding this case, the Court gives the Texas courts a proper opportunity to decide whether the claims against the appraiser provide a basis for recovery by Plaintiff. Defendant Liberty has not met its heavy burden to show there is no possibility Plaintiff could recover against Hamann in state court.

## IV. OTHER MOTIONS

Once the Court finds that a nondiverse defendant is properly joined, it lacks jurisdiction and should deny as moot other pending motions, including any motion to dismiss by the nondiverse defendant. *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016). Accordingly, the Court denies the pending motion to dismiss as moot.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** *Plaintiff's Motion to Remand* (ECF No. 5) and orders that this case be remanded to the 224th Judicial District Court of Bexar County, Texas, Cause Number 2022-CI-03042. Because Plaintiff properly joined a nondiverse defendant, the Court **DENIES AS MOOT** *Liberty Insurance Corporation's Motion for Partial Dismissal* (ECF No. 2). By separate order, the Court will direct that this case be remanded.

**SIGNED this 20th day of May 2022.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**